Matter of Costello (2022 NY Slip Op 06620)

Matter of Costello

2022 NY Slip Op 06620

Decided on November 18, 2022

Appellate Division, Fourth Department

Per Curiam

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND BANNISTER, JJ. (Filed Nov. 18, 2022.) 

&em;

[*1]MATTER OF WILLIAM J. COSTELLO, II, A SUSPENDED ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, PETITIONER.

OPINION AND ORDER
Order of disbarment entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on February 18, 1976. The record in this matter indicates that he resides in Grand Island. In April 2022, the Grievance Committee advised this Court that, in August 2021, respondent was convicted, upon his plea of guilty in the United States District Court for the Western District of New York, of one count of tax evasion in violation of 26 USC § 7201, a federal felony. In pleading guilty, respondent admitted that he willfully attempted to evade and defeat the payment of income tax due and owing by him to the federal government for calendar years 2005 through 2007 and 2009 through 2012, and that he willfully attempted to evade and defeat the assessment of income tax due and owing by him to the federal government for calendar years 2014 through 2017. Respondent also admitted that he facilitated the crime by using his attorney trust account to place personal funds outside the reach of the Internal Revenue Service. On March 16, 2022, a judgment of conviction was filed in District Court imposing upon respondent a sentence of probation for a period of two years and restitution to the federal government in the amount of $128,740.49, plus interest. Based on the submission of the Grievance Committee, this Court entered an order on May 18, 2022, determining that respondent had been convicted of a "serious crime," suspending him on an interim basis, and directing him to show cause why a final order of discipline should not be entered, pursuant to Judiciary Law § 90 (4). The Grievance Committee has filed proof that respondent was personally served with the show cause order on May 24, 2022. Although that order directed respondent to appear before the Court on September 13, 2022, and to file any papers in response to the order no later than July 15, 2022, respondent thereafter failed to appear, file papers, or otherwise contact the Court.
In determining an appropriate sanction, we have considered that respondent engaged in an extended course of willful criminal conduct resulting in a substantial tax loss to the government, that he used his attorney trust account to facilitate the crime, and that he has failed to participate in the attorney grievance process or respond to the show cause order entered by this Court, thereby demonstrating a total disregard for his fate as an attorney (see Matter of Rothschild, 127 AD3d 178, 180 [4th Dept 2015]). Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be disbarred.